FILED
SUPERIOR COURT
OF GUAM

2021 SEP -2 PM 4: 13

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP<br><br>OF<br><br>YUK LAN MOYLAN,<br><br>An Adult. | **Superior Court Case No. <u>SP0106-07</u>**<br>**<u>Related Case Nos. SP0104-07, SP0105-07,</u>**<br>**<u>SP0107-07, SP0110-07, and SP0111-07</u>**<br><br>**DECISION AND ORDER RE MOTION**<br>**FOR RECONSIDERATION** |

This Decision and Order considers Richard Moylan's Motion for Reconsideration of the Court's June 15, 2021 Decision and Order re Attorney Fees. Lina Leialoha Alston, currently appointed as the Limited Guardian over Yuk Lan Moylan, did not file an Opposition to the Motion for Reconsideration. Nonetheless, upon a review of the Motion, the Court DENIES the Motion under its discretion.

Under CVR 7.1(i), a court may reconsider a prior order on the grounds of:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change of law occurring after the time of such decision, or, (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

In short, reconsideration may be granted where the trial court "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. A motion may not "simply reiterate in greater detail arguments previously made before the court." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (quotations omitted).

Richard argues that the Court failed to consider certain material facts that Judge Michael Bordallo ordered on June 4, 2019, pursuant to the Supreme Court's Mandate in *In re Guardianship of Moylan,* 2018 Guam 8 *(Moylan III).* Specifically, he contends that the Court misapprehended that the time entries that he submitted to the Court included work not done in substantial benefit to the Ward. Richard also argues that the Court failed to consider other legal work that Judge Bordallo ordered to be included in his submission of fees and costs. He contends that this work constituted a substantial benefit to the Ward.

Upon review of the court recording from Judge Bordallo's June 4, 2019 hearing, the Court finds the following. Richard initially argued that the substantial benefit test applied to every action he had taken in the case and requested to submit time entries for every instance where Richard acted for the substantial benefit of the Wards. Min. Entry at 1:58 (June 4, 2019). In response, Judge Bordallo explained that Richard is entitled to fees for Richard's efforts that resulted in the return of the TCDs and his litigation efforts in maintaining title in the name of the Wards to the residence where Princess currently resides by mandate of the Guam Supreme Court in *Moylan III. Id.* at 1:57-1:58. He also instructed Richard that he may argue that the substantial benefit doctrine applies to any other matter. *Id.* at 1:59. Judge Bordallo then ordered Richard to submit all of the work that he sought to recover fees for and to separate the work into classes to allow the Court to decide whether fees for the work not covered by the *Moylan III* mandate are recoverable under the substantial benefit test. *Id.* at 1:58-1:59. Judge Bordallo then reiterated that the Court has not ruled on whether Richard is entitled to attorney's fees under the substantial benefit doctrine for any litigation effort outside of Richard's efforts that resulted in the return of the TCDs and his litigation efforts in maintaining title to Princess's residence in the name of the Wards. *Id.* at 1:59.

The Court finds that its June 15, 2021 Decision and Order re Attorney Fees is consistent with Judge Bordallo's instruction to Richard on June 4, 2019. The Court awarded Richard attorney's fees for his litigation efforts that resulted in the return of the TCDs and his efforts that resulted in the Title to Princess' residence remaining with the Wards.[1]

The Court also considered whether Richard established that any other litigation efforts satisfied the substantial benefit test. For instance, the Court then analyzed whether the substantial benefit test applied to Richard's efforts in recovering shareholder loans payable to the Wards. The Court, however, found that the efforts did not satisfy the test on the grounds that the Wards do not stand to recover any funds from the efforts. As to the remaining efforts Richard cited in his briefs, the Court found that he failed to present a legal argument for recovering under the substantial benefit doctrine.

Lastly, the Court painstakingly reviewed Richard's submission of fees to determine which work went towards the litigation efforts for which the Court awarded fees. Despite Judge Bordallo's instruction, however, Richard failed to adequately differentiate which work applied to which litigation effort. For instance, the hours and description of the submissions the Court included in category three indicate that the work went towards different areas of litigation--not solely in effort to recover the TCDs, as Richard argues. The Court's conclusion is also supported by Richard's statement on June 4, 2019 that the substantial benefit test applied to every action he had taken in the case and his request to submit time entries for every instance where Richard has acted for the substantial benefit of the Wards.

---

[1] The Court notes one apparent discrepancy between Judge Bordallo's comments from the bench on June 4, 2019 and the Court's June 15, 2021 Decision and Order regarding Richard's efforts in maintaining title to Princess' residence in the name of the Wards. Specifically, Judge Bordallo indicated that the *Moylan III* mandate instructed the Court to move directly to a calculation of the appropriate amount of attorney's fees; whereas the June 15, 2021 Decision and Order interpreted the mandate as instructing the Court to first apply the substantial benefit test. Since the Court ultimately awarded Richard fees for his efforts in maintaining the title in the name of the Wards, it finds no error in the discrepancy.

In summary, based on the Court's review of the June 4, 2019 hearing, Richard Moylan's briefs, and the invoices, the Court finds that it adequately considered all material facts in rendering its June 15, 2021 Decision and Order.   Accordingly, the Court DENIES Richard's Motion for Reconsideration.

Additionally, the Court asked the parties to brief Richard's request that the payment of the attorney's fees be deferred until after the Ward passes away.  Since no party took a position on the deferment of payment of attorney's fees by the briefing deadline set by the Court, the Court will proceed to issue a Judgment.

SO ORDERED this 2nd day of September 2021.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Jacqueline Taitano Terlaje, Esq., Law Office of Jacqueline Taitano Terlaje, for Petitioner Lina
      Leialoha M. Alston
Douglas B. Moylan, Esq., Law Offices of Douglas B. Moylan, and Gary Wayne Francis
      Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Richard E. Moylan